DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JUNITA SAWYER,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2023-2555

[November 20, 2024]

Appeal of order denying rule 3.800 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Barbara R. Duffy, Judge; L.T. Case No. 21-010364CF10A.

Carey Haughwout, Public Defender, and Alan T. Lipson, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Lindsay A. Warner, Senior Assistant Attorney General, West Palm Beach, for appellee.

**ON APPELLANT'S MOTION FOR REHEARING**

PER CURIAM.

We grant the appellant's motion for rehearing, withdraw our prior opinion, and substitute the following opinion in its place.

The defendant appeals from the denial of her motion to correct a claimed illegal part of her sentence, which motion was filed pursuant to Florida Rule of Criminal Procedure 3.800. We treat the motion as a timely-filed rule 3.800(b)(1) motion and reverse for the trial court to rule on the motion in accordance with rule 3.800(b)(1). *Cf. Durden v. State*, 948 So. 2d 1045, 1046 (Fla. 2d DCA 2007) (reversing summary denial of rule 3.800(b)(1) motion improperly treated by trial court as rule 3.800(a) motion). On remand, the defendant shall have thirty days from the trial court's disposition of her rule 3.800(b)(1) motion within which to appeal from her judgment of conviction and sentence if she so chooses. *See* Fla. R. App. P. 9.020(h)(1)(H) (specifying that only 3.800(b)(1) motions, but not

rule 3.800(b)(2) motions, "toll rendition" of a judgment for purposes of the timely filing of a notice of appeal).

We recognize that the State has conceded error on the merits of the sentencing issue raised in the motion. However, we reverse without expressing an opinion as to whether the defendant is entitled to relief on the sentencing issue because the abbreviated record transmitted for this appeal does not provide us with an opportunity to meaningfully and independently evaluate the merits of the sentencing issue raised in the motion. *Cf. Gibson v. State*, 619 So. 2d 31, 31-32 (Fla. 4th DCA 1993) (rejecting State's concession of sentencing error based on appellate court's review of the record on appeal).

*Reversed and remanded.*

KLINGENSMITH, C.J., GERBER and ARTAU, JJ., concur.

\* \* \*

**No further motions for rehearing may be filed.**

2